# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

|  |  |
|---|---|
| | **CIVIL ACTION NO.** |
| **DENISE JAMES** | |
| **VERSUS** | |
| | **23-1687-JWD-EWD** |
| **NATIONAL CONTINENTAL** | |
| **INSURANCE COMPANY, ET AL.** | |

## <u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 26, 2024.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**DENISE JAMES**                                              **CIVIL ACTION NO.**

**VERSUS**
                                                              **23-1687-JWD-EWD**
**NATIONAL CONTINENTAL**
**INSURANCE COMPANY, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion to Remand ("Motion"), filed by Denise James ("Plaintiff").[1] The Motion argues that the Notice of Removal in this case is procedurally defective because a "then-served defendant [Robert Young] failed to join in the removal." National Continental Insurance Company ("NCIC") and Turbo Express LT, Inc. ("Turbo Express") (collectively "Removing Defendants") oppose the Motion.[2] Plaintiff has filed a reply memorandum.[3] Oral argument is not necessary. Because defense counsel's consent on behalf of Young satisfied the rule of unanimity, it is recommended[4] that the Motion be denied and that this case be referred for a scheduling conference.[5]

## I.    FACTS AND PROCEDURAL BACKGROUND

This suit arises out of a motor vehicle accident that occurred on November 9, 2022, in East Baton Rouge Parish.[6]   Plaintiff claims she was traveling westbound on Interstate 10 on the Mississippi River Bridge when Young, the driver of a tractor-trailer, "suddenly and without

---

[1] R. Doc. 9.

[2] R. Docs. 11 & 14.

[3] R. Doc. 17.

[4] The Fifth Circuit has held that "a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to *de novo* review." *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016).

[5] Entry of a scheduling order was deferred pending resolution of the Motion to Remand. R. Doc. 10.

[6] R. Doc. 1-3, pp. 2-3, ¶¶ 3-5.

warning … attempted to change lanes into [petitioner's] lane of travel … violently striking the driver's side of [her] vehicle," causing physical injuries to Plaintiff and property damage.[7]  Plaintiff filed this lawsuit in state court on October 9, 2023, naming four defendants: (1) Young; (2) Turbo Express, Young's employer; (3) NCIC, liability insurer for Young and Turbo Express; and (4) Allstate Property and Casualty Insurance Company ("Allstate"), Plaintiff's uninsured/underinsured motorist insurer.[8]  Plaintiff's Petition requested service on out-of-state defendants Young and Turbo Express through the Louisiana Long Arm Statute, La. R.S. 13:3201, *et seq.*[9]  According to an Affidavit of Service Via Louisiana Long Arm Statute, filed by Plaintiff, a certified copy of the Citation and Petition for Damages was sent to Young through the United States mail, via certified mail and return receipt requested, on November 8, 2023, using an address obtained by matching the incomplete address in the police accident report (201 Huntsvill TX 77320) with a corresponding address contained in a Westlaw PeopleMap search for Young (201 North Lakeside Drive Huntsville TX 77320).[10]  On December 4, 2023, the service to Young was returned to Plaintiff's counsel "unclaimed."[11]

Removing Defendants removed the suit to this Court on December 21, 2023 on the basis of diversity jurisdiction.[12]  The Notice of Removal established complete diversity of citizenship by alleging that Plaintiff is a citizen of Louisiana;[13] Turbo Express is a citizen of Illinois;[14] Young is a citizen of Texas;[15] Allstate is a citizen of Illinois;[16] and NCIC is a citizen of New York and

[7] R. Doc. 1-3, p. 3, ¶ 5.
[8] R. Doc. 1-3, pp. 2-6.
[9] R. Doc. 1-3, p. 6.
[10] R. Doc. 8, ¶¶ 2-3; R. Doc. 8-1.
[11] R. Doc. 8, ¶ 4.
[12] R. Doc. 1, ¶ 4.
[13] R. Doc. 1, ¶ 5 (referencing the Petition, which states that Plaintiff is "domiciled in the Parish of West Baton Rouge, State of Louisiana."
[14] R. Doc. 1, ¶ 6.
[15] R. Doc. 1, ¶ 7.
[16] R. Doc. 1, ¶ 8.

Ohio.[17]  Regarding amount in controversy, the Notice of Removal points to medical records received from Plaintiff's counsel on November 29, 2023, showing that Plaintiff has undergone several epidural steroid injections and medial branch blocks at C3-C4, C4-C5, and C5-C6, with past medical expenses totaling $45,029.00.  The Notice of Removal also points to Plaintiff's claim that she was unable to perform her duties as a nurse for a month because of her injuries.[18]  No party disputes that this Court has diversity subject matter jurisdiction over the case and subject matter jurisdiction has been adequately established.

The Notice of Removal also attached a Consent To Filing Notice of Removal ("Consent"), which states that the non-removing defendants, Allstate and Young, consent to removal. While the Consent specifically states that "[t]he Defendant, Robert Young, consents to the filing of the Notice of Removal," it notes that Young "has **not** been served with Plaintiff's Petition for Damages" and thus states, "if and when, [Young] is ever properly served with Plaintiff's [Petition], the undersigned firm will also represent [Young] and prepare the appropriate responsive pleadings on his behalf."[19]

On January 19, 2024, Plaintiff timely filed the Motion seeking remand to state court due to a procedural defect in the removal—namely, that the removal violated the "rule of unanimity" because Young's consent was invalid."[20] Removing Defendants responded by filing an Opposition and Supplemental Opposition raising the following arguments: (1 Young was not properly served under Louisiana's Long Arm Statute; (2) Young's consent was valid because Removing

---

[17] R. Doc. 1, ¶ 9.

[18] R. Doc. 1, ¶¶ 13-14.

[19] R. Doc. 1-4, pp. 1-2 (emphasis in original). Regarding Allstate, the Consent states that "on December 13, 2023, undersigned counsel spoke to counsel for Defendant, Allstate Property and Casualty Insurance Company, who consented on Allstate's behalf to the filing of the Notice of Removal."  Plaintiff does not challenge the sufficiency of Allstate's consent.

[20] R. Docs. 9 & 9-2, pp. 3-5. *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a)). 467, 473.

Defendants' counsel demonstrated his authority to consent on Young's behalf; and (3) "exceptional circumstances" to the "rule of unanimity" should apply.[21]

## II.    LAW AND ANALYSIS

### A.    Applicable Legal Standards

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[22]  A district court has original jurisdiction in a case in which the amount in controversy exceeds $75,000, and the parties are citizens of different states.[23]  The removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[24]  The removing party has the burden of proving federal jurisdiction and, if challenged, that the removal was procedurally proper.[25]  Procedural requirements for removal are set forth in 28 U.S.C. § 1446(b).

The issue before the Court is whether the removal was procedurally improper for failure to satisfy the "rule of unanimity," which has been codified in 28 U.S.C. § 1446(b).[26]  Under § 1446(b)(2)(A), "all defendants who have been properly joined and served must join in or consent to the removal of the action" to federal court.  To demonstrate defendants' unanimous consent to removal, the Fifth Circuit requires "some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect

---

[21] R. Docs. 11 & 14.
[22] 28 U.S.C. § 1441(a).
[23] *Crowley v. Amica Mutual Insurance Co.*, No. 12-775, 2012 WL 3901629, at *1 (E.D. La. Sept. 7, 2012), citing 28 U.S.C. § 1332.
[24] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).
[25] *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) ("party seeking to invoke federal diversity jurisdiction bears the burden of [proof]").
[26] *Baxter v. Anderson*, No. 16-142, 2016 WL 3748720, at *3 (M.D. La. June 21, 2016) (citation omitted).

and to have authority to do so, that it has actually consented to such action."[27]  A violation of the rule of unanimity renders a removal procedurally defective, requiring remand.[28]

The Fifth Circuit has recognized three exceptions to the rule of unanimity: (1) non-removing defendants who are improperly or fraudulently joined; (2) non-removing defendants who are merely nominal or formal parties; and (3) non-removing defendants who have not been served by the time of removal.[29] The Fifth Circuit has also recognized that "sometimes exceptional or unique circumstances might permit removal after the expiration of the thirty day period prescribed by § 1446(b)."[30] Such "exceptional circumstances" will generally only be found when the defendant's lack of timely consent arises from plaintiff's conduct, such as plaintiff's bad faith efforts to prevent removal, or in situations where it is necessary to prevent injustice.[31]

### B.    Proper Service Was Effected on Young Under the Louisiana Long Arm Statute

The Court must first determine whether Young was a "properly joined and served" defendant so that his consent was required for removal.[32]  Plaintiff argues that service was perfected on Young on November 8, 2023, when Young was mailed a certified copy of the Citation and Petition for Damages by certified mail.[33]  Removing Defendants dispute that Young was properly served under the Louisiana Long Arm Statute because Plaintiff cannot show that service was sent to Young's correct address.[34]

---

[27] *Getty Oil Corp. v. Ins. Co. of N. Am.,* 841 F.2d 1254, 1262, n. 11 (5th Cir. 1988).

[28] *Id.,* at 1262.

[29] *Baker v. Amazon Logistics, Inc.,* No. 23-3991, 2023 WL 6880357, at *4 (E.D. La. Oct. 18, 2023), citing *Wagner v. Gov't Emps. Ins. Co*., No. 18-10281, 2019 WL 626430, at *3 (E.D. La. Feb. 14, 2019) and *World Prayer Tabernacle v. Certain Underwriters at Lloyd's, London,* 22-2289, 2022 WL 4949125, at *1 (E.D. La. Oct. 4, 2022).

[30] *Ortiz v. Young,* 431 Fed.Appx. 306, 307 (5th Cir. 2011).

[31] *Id.,* at 307-08.

[32] *See* 28 U.S.C. § 1446(b)(2)(A).

[33] R. Doc. 9-2, p. 4; R. Doc. 17, pp. 4-5.

[34] R. Doc. 11, p. 6.

The Federal Rules of Civil Procedure provide that individuals within a judicial district of the United States may be served with process by following applicable law for the state where the district court sits or where service is made.[35]   The Louisiana Long Arm Statute, La. R.S. 13:3204(a), provides that service on a person located outside of this state shall be effected by sending a certified copy of the citation and petition by registered or certified mail, or by actual delivery to the defendant by commercial courier. "There is no requirement … for a signed return receipt."[36] "[W]hen the plaintiff's counsel sends a copy of the citation and petition to the defendant by registered mail, such service has the same legal force and validity as personal service made on the defendant within the state."[37]   While the Louisiana Long Arm Statute requires that proof of service be filed into the record for purposes of taking a default judgment, *see* La. R.S. 13:3205, the absence of proof of service does not relieve removing defendants from obtaining consent to removal from all properly served defendants.[38]

When service of process is challenged, the party who effected service bears the burden of establishing its validity.[39]   In the seminal case of *HTS, Inc. v Seahawk Oil & Gas, Inc*., the Louisiana Third Circuit Court of Appeal considered the propriety of service on a defendant under the Long Arm Statute by looking at whether there was any "indication that [Plaintiff's counsel] sent the information to an incorrect address."[40]   The *HTS* court found that service on the out-of-state defendant was proper, even though the certified mail was returned unclaimed, because there

---

[35] *Matt v. Culpepper*, No. 14-1464, 2014 WL 5816930, at *2 (E.D. La. Nov. 7, 2014), citing Fed. R. Civ. P. 4(e)(1).
[36] *McFarland v. Dippel*, 99-0584 (La.App. 1 Cir. 3/31/2000), 756 So.2d 618, 622, writ denied, 2000-1794 (La. 9/29/2000), 770 So.2d 349, citing *Thomas Organ Company v. Universal Music Company*, 261 So.2d 323, 327 (La.App. 1 Cir. 1972).
[37] *McFarland*, 756 So.2d at 622, citing La. R.S. 13:3204 (other citation omitted).
[38] *Kelly v. Arch Insurance Co*., No. 15-772, 2016 WL 3951424, at *6 (M.D. La. June 9, 2016), report and recommendation adopted, 2016 WL 3951391 (M.D. La. July 21, 2016), citing *Babin v. Isaman*, No. 09-408, 2009 WL 3672901, at *4-5 (M.D. La. Nov. 4, 2009).
[39] *Aetna Business Credit, Inc. v. Universal Décor & Interior Design, Inc*., 635 F.2d 434, 435 (5th Cir. 1987).  *See also Harp v. Thompson*, No. 21-236, 2022 WL 4783094, at *2 (M.D. La. Sept. 30, 2022), citing *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992) (citing *Aetna Bus. Cred*., *supra*).
[40] 04-892, 889 So.2d 442, 445 (La.App. 3 Cir. 12/8/04).

was no indication that the service was sent to an incorrect address. The Louisiana Second Circuit Court of Appeal in *Wood v. Hackler* held that the petitioner must send the certified citation and petition to the actual, correct address of the defendant to effect service under the Long Arm Statute.[41]

Here, Removing Defendants challenge the validity of service sent to Young at the address obtained from the accident report because "Plaintiff made no additional efforts to determine which of the three address[es] listed [for Young in Westlaw PeopleMap Report] was the correct address … at the time service was attempted."[42] Because Removing Defendants challenge whether Young was properly served, Plaintiff bears the burden of establishing the validity of the service.

Plaintiff presented evidence that the Citation and Petition were sent to Young by certified mail on November 8, 2023, and were returned to Plaintiff's counsel "unclaimed" on December 4, 2023.[43] Service was sent to an address obtained by matching the incomplete address in the accident report (201 Huntsvill TX 77320) with the results of a Westlaw search performed by Plaintiff's counsel's office (201 North Lakeside Drive Huntsville TX 77320).[44] Defense counsel used the same address in the certificate of service on the Notice of Removal,[45] and during a conference with the Court to discuss the Motion, Plaintiff's counsel stated that the 201 North Lakeside address was confirmed to him by defense counsel as the last known address in Young's employment file.[46]

---

[41] 52,791 (La.App. 2 Cir. 8/14/19), 276 So.3d 1136, 1140, writ denied, 2019-1469 (La. 12/10/19), 285 So.3d 490.

[42] R. Doc. 11, pp. 3-4.

[43] R. Docs. 8; 8-3.

[44] R. Doc. 8, ¶¶ 2-3 & R. Doc. 8-1. While Plaintiff's affidavit also cited La. R.S. 13:3475 in support of its decision to send the service to the address contained in the accident report, this statute governs service when personal jurisdiction over the defendant is invoked under Louisiana's non-resident motorist statute, La. R.S. 13:3474. Plaintiff has not demonstrated that she has invoked jurisdiction under the non-resident motorist law by serving a copy of the petition and citation on the Louisiana Secretary of State and that she has delivered notice of the service, along with a copy of the petition and citation to the defendant. *See Lewis v. Avis Rent-A-Car System, Inc.*, No. 96-2783, 1996 WL 684457, at *2 (E.D. La. Nov. 25, 1996).

[45] R. Doc. 1, p. 8.

[46] R. Doc. 13, p. 2, n. 4.

Removing Defendants suggest that, at the very least, Plaintiff should have also attempted to serve Young at the 183 Waterwood address because it was the most recent address listed for Young in the Westlaw Report.[47]  The Westlaw Report states that Young lived at 183 Waterwood from December 12, 2017 to July 27, 2021.  The accident in this case occurred the following year, in November 2022.[48]  During the conference with the Court, defense counsel advised that Young-- the driver of the tractor-trailer truck-- is no longer employed by Turbo Express, and that he has been unable to reach Young by phone because the number is no longer in service.[49]  No additional evidence regarding Young's address has been supplied by either party.[50]

Plaintiff has satisfied her burden of establishing service on Young.  Service was mailed out of state to the address on the Westlaw Report that most closely matched the address Young gave for the accident report, which is the address Removing Defendants have also used for service on Young, and which is the last known address in Young's employment file.  Conversely, Removing Defendants have not pointed to any evidence in the record suggesting that the address used by Plaintiff's counsel is *not* Young's actual, correct address.  Instead, the thrust of their argument is that Plaintiff did not undertake sufficient efforts to locate Young.  This is the critical distinction between the facts of this case and the three cases upon which  Removing Defendants rely.[51]  In *Kelly*, the court found that the plaintiff did not properly serve the defendant under the Louisiana Long Arm Statute because the defendant submitted an affidavit showing that the subject of the service attempts was not the owner of the property at the time service was attempted, while plaintiff merely directed service to the address obtained at the time of the motor vehicle accident, without

---

[47] R. Doc. 13, p. 2.
[48] R. Doc. 8-2, p. 2 & R. Doc. 1-3. ¶¶ 3-5.
[49] R. Doc. 13, p. 2.  *See also* R. Doc. 14, p. 7.
[50] R. Doc. 13, p. 3.
[51] R. Doc. 11, pp. 4-6, citing *Kelly*, 2016 WL 3951424; *Grace v. Myers*, No. 15-300, 2015 WL 4939893 (M.D. La. Aug. 18, 2015); and *Wood*, 276 So.3d 1136.

undertaking any additional efforts to determine the defendant's address at the time service was attempted.[52]  In *Grace*, the defendants submitted proof that the subject of the service attempts did not live at the address where the certified letters were mailed and the defendant attested that he had moved to a different state the year before the suit was filed.[53]  The plaintiff in *Grace* directed service to the address obtained at the time of the accident, with no additional efforts undertaken to determine the defendant's address at the time service was attempted.[54]  Finally, in *Wood*, the plaintiffs solely relied on an internet search to locate the defendant and when the certified mail was returned to the plaintiffs with a sticker from the postal service providing a forwarding address, the plaintiffs did not attempt to serve at the forwarding address before pursuing a default judgment against the defendant.[55]  The *Wood* court found that there was no evidence in the record to support a finding that the address where the plaintiff sent the certified mail was the actual, correct address of the defendant.[56]  Rather, the plaintiff "failed to send the citation and petition to the only address in the record proved to belong to [the defendant]."[57]

Unlike these cases, Plaintiff did not solely rely on the address contained in the accident report.  Rather, Plaintiff's counsel also performed a Westlaw search for Young on September 29, 2023, shortly before service was attempted.[58]  The results of the Westlaw search were used to obtain a complete address based on what most closely matched the accident report.[59]  Although Removing Defendants were given an opportunity to come forward with additional evidence that the address where service was sent was not Young's address, they did not do so.  To the contrary,

---

[52] *Kelly*, 2016 WL 3951391, at *7.
[53] *Grace*, 2015 WL 4939893, at *4.
[54] *Id.*, at *5.
[55] *Wood*, 276 So.3d at 1141.
[56] *Id.*
[57] *Id.*
[58] R. Doc. 8, ⁋ 2.
[59] R. Doc. 8-2, ⁋⁋ 2-3.

Removing Defendants used the same address to serve Young with the Notice of Removal, and defense counsel confirmed this was the last known address in Young's employer's file. There is no evidence in the record that the service should have been sent to a different address.[60]  Because Plaintiff satisfied the requirements to effect service on Young under the Louisiana Long Arm Statute on November 8, 2023, Young had been served by the time of removal, such that his consent was required.

### C.    Defense Counsel's Consent on Behalf of Young Satisfies the Rule of Unanimity

Plaintiff disputes the validity of the consent provided on behalf of Young in the removal papers.  The Consent, attached to the Notice of Removal, states as follows regarding Young:

> [I]f, and when, the Defendant, Robert Young, is ever properly served with Plaintiff's Petition for Damages, the undersigned firm will … represent [Young] … and will prepare the appropriate responsive pleadings on his behalf, as well.  The Defendant, Robert Young, consents to the filing of the Notice of Removal.[61]

According to Plaintiff, this consent is not valid because Young did not provide his own written consent; because defense counsel was not enrolled as counsel of record for Young; and because Plaintiff disputes the sufficiency of the post-removal declaration by defense counsel ("Giordano Declaration") setting forth his authority to consent on Young's behalf.[62]

To demonstrate a defendant's consent to removal, the Fifth Circuit requires "some timely filed written indication from each served defendant, or from some person or entity purporting to

---

[60] *See HTS, Inc.,* 889 So.2d at 445.  *See also Trimble v. Strength*, No. 20-355, 2022 WL 636729, at *4 (M.D. La. Jan. 25, 2022) (deGravelles, J.), ("[B]ecause the record in this matter includes an Affidavit by Plaintiff's counsel, supported by documentation of the USPS tracking information, indicating that he mailed a certified copy of the summons and Complaint to [the defendant] by certified mail, and because there is no indication in the record that Plaintiff's counsel sent the information to an incorrect address, it appears that Plaintiff complied with the requirements of La. R.S. 13:3204"); *Major v. Patriot Disaster Services LLC*, No. 15-866, 2017 WL 457656, at *3 (M.D. La. Feb. 2, 2017) (distinguishing *Grace* and noting the defendant had not appeared and provided evidence that he was not living at the address where service was attempted and that Plaintiff relied on the service address provided by defense counsel).
[61] R. Doc. 1-4, pp. 1-2.
[62] R. Doc. 17, p. 3.

formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action. Otherwise, there would be nothing on the record to 'bind' the allegedly consenting defendant."[63]   Although myriad cases hold that a party's assertion in a Notice of Removal that another party consents to removal is insufficient to satisfy the written consent rule,[64] those cases are distinguishable as they generally involve one party, represented by counsel, making a statement that some unaffiliated party, who is unrepresented or represented by different counsel, consents to removal.[65]   As noted in *Getty*, the problem with such statements is that the party making those representations had no authority to bind the non-removing party.[66]   Here, however, Removing Defendants point to the Giordano Declaration as evidence that defense counsel had authority to consent to removal on Young's behalf.

In the Consent, defense counsel Jairo F. Sanchez from the law firm of Hebbler & Giordano, LLC, stated, subject to Fed. R. Civ. P. 11, that "if, and when, the Defendant, Robert Young, is ever properly served … the undersigned firm will … represent the Defendant, Robert Young."[67]   For the reasons explained by this Court in *Baxter*, Sanchez's use of the phrase "will represent" linguistically suggests that he "only contemplated a potential future attorney-client relationship"

---

[63] *Getty,* 841 F.2d at 1262, n. 11.

[64] *See, e.g.*, *Allement v. Ameristep Corp.*, No. 13-498, 2013 WL 12183655, at * 5 (M.D. La. Dec. 30, 2013), citing, *inter alia, Crowley*, 2012 WL 3901629, at * 3-4 (explaining that "courts within the Fifth Circuit have construed strictly the requirement for written consent by all of the defendants and overwhelmingly have held that statements on behalf of nonmoving defendants in a notice of removal are insufficient" and further finding that affidavits submitted in opposition to the motion to remand by the non-removing defendants "attesting to their consent" were untimely filed after the 30-day period for removal had ended such that the removal was procedurally improper); *Goldman v. Nationwide Mut. Ins. Co.*, No. 11-1414, 2011 WL 3268853, at *3 (E.D. La. July 28, 2011) (granting motion to remand because statement in notice of removal that "all other named defendants ... consent" did not constitute sufficient written consent from all defendants); *Jacob v. Greyhound Lines, Inc.*, No. 02-2199, 2002 WL 31375612 (E.D. La. Oct. 21, 2002) (notice of removal indicating that co-defendant "does not object to this matter being removed to federal court" was insufficient).

[65] *Haynes v. Take 5 Properties SPV, LLC,* No. 22-183, 2023 WL 2620904, at *5 (M.D. La. March 3, 2023), report and recommendation adopted, 2023 WL 2616088 (M.D. La. March 23, 2023).

[66] *Id.*, citing *Getty*, 841 F.2d 1254.

[67] R. Doc. 1-4, pp. 1-2.

with the non-removing defendant at the time of removal.[68] Such a statement, standing alone, is insufficient to establish that Sanchez and/or the other attorneys at Hebbler & Giordano, LLC, represented Young at the time of removal and could, in that capacity, consent to removal on behalf of Young.

However, after removal, the Removing Defendants filed the Giordano Declaration into the record.[69] Pursuant to 28 U.S.C. § 1746, and subject to the penalty of perjury, Giordano explained the authority he and the other attorneys at his law firm had to make representations on behalf of Young at the time of removal and how they obtained that authority.[70] Specifically, Giordano explains that he and the other attorneys from Hebbler & Giordano, LLC, were retained, pursuant to a policy of insurance issued by NCIC to Turbo Express, to represent the interests of Young, Turbo Express, and NCIC in regard to the Petition filed by Plaintiff in this proceeding.[71] Based on the referral of the matter for defense, Giordano says that he and the other attorneys from Hebbler & Giordano, LLC, "were expressly authorized to defend and represent the legal interests of [Young, Turbo Express, and NCIC] and [to] make all necessary representations on their behalf in accordance with our professional judgment."[72] Giordano offered proof that he had been retained to represent Young before the removal of the case by providing a copy of a letter he sent to Plaintiff's counsel on October 24, 2023, stating that he had been retained to represent the interests

---

[68] *Baxter*, 2016 WL 3748720, at *5 (noting that statements in notice of removal that a non-removing defendant "joins in and consents to removal" and "will be represented by undersigned counsel once he is properly served," combined with counsel signing the notice of removal "only" on behalf of the removing defendants, were insufficient to constitute an effective consent to removal because counsel's statements "ma[d]e it clear that undersigned counsel only contemplated a future attorney-client relationship with the [non-removing defendants] at the time of removal," but ultimately finding that removal was not procedurally defective because within 30-days of removal, the non-removing defendant "filed a 'Notice of Consent to Defendants' Notice of Removal' in which counsel for the [r]emoving [d]efendants state, pursuant to Rule 11, that they represent the [non-removing defendants].").
[69] R. Doc. 14 & R. Doc. 14-3.  The Giordano Declaration was filed on March 12, 2024.
[70] R. Doc. 14-3.
[71] R. Doc. 14-3, p. 1.
[72] R. Doc. 14-3, p. 3.

of Young, Turbo Express, and NCIC relative to the lawsuit.[73]  Giordano's attestations as an officer of the Court explain his law firm's authority to act on behalf of, and to bind, the defendants, including Young, at the time of removal.

The issue before the Court is whether the attorneys retained to represent Young could validly consent to removal on Young's behalf under these circumstances.  A similar issue recently came before the Court in *Haynes*.[74]  The Notice of Removal in *Haynes* stated, "[u]ndersigned counsel will represent all served defendants in this matter, and all defendants have agreed to the filing of the removal."[75]  The plaintiff disputed that this statement could operate as the non-removing defendants' consent to removal because the statement lacked any indication that the non-removing defendants gave counsel formal authority to act on their behalf.  However, defendants urged the Court to find that the statement satisfied the requirement of written consent because the attorney was retained to defend all of the defendants and the attorney had express authority to make these representations on behalf of all defendants.[76]  To establish the attorney's express authority to bind the non-removing defendants, the removing defendants submitted a post-removal declaration from the attorney retained to represent the non-removing defendants.[77]

On these facts, this Court found that defense counsel's consent on behalf of the non-removing defendants was valid because 1) the attorney was purporting to act on behalf of the non-removing defendants when he stated that all defendants have agreed to the filing of the removal; and 2) the attorney's declaration, produced post-removal, established that he had the actual

---

[73] R. Doc. 14-1 & R. Doc. 14-3, p. 2.
[74] 2023 WL 2620904.
[75] *Id.*, at *4.
[76] *Id.*
[77] *Id.*, at *5.

authority to do so.  Accordingly, the Court found that the Notice of Removal satisfied the rule of unanimity.[78]

The parties in this case recognize the significance of *Haynes* to the disposition of the issue in this case.  The Removing Defendants cite *Haynes* in support of their contention that their Notice of Removal satisfies the rule of unanimity.[79]  Meanwhile, Plaintiff attempts to distinguish *Haynes* on the facts, pointing out that the non-removing defendants in *Haynes* were subsidiaries of the removing defendants and that the attorney in *Haynes* had "express authority to bind the non-removing subsidiary defendants to the removal."[80]  Plaintiff suggests that the Removing Defendants in the present case have not offered any evidence that they had, or have, express authority to consent to removal on behalf of Young.  Instead, Plaintiff points out that the Removing Defendants "have absolutely no way" of obtaining Young's express authority because they "are not even capable of contacting him."[81]

Plaintiff's argument presupposes that the express authority to bind the non-removing defendant to removal must be obtained from the non-removing defendant.  However, the attorney's declaration in *Haynes* did not state that the express authority was obtained from the non-removing defendants, but rather suggested that the authority was obtained by virtue of his retention to represent the defendants, as the attorney stated that he was expressly authorized to defend and represent the legal interests of all named defendants *pursuant to the referral of the matter for defense*.[82]  Similarly, Removing Defendants in the present case represent that the firm of Hebbler & Giordano, LLC, was retained by NCIC's claims representative to defend the named defendants

---

[78] *Id.*, at *7.
[79] R. Doc. 14, p. 12.
[80] R. Doc. 17, p. 3, citing *Haynes*, 2023 WL 2616088, at *5.
[81] R. Doc. 17, p. 4.
[82] *Haynes*, 2023 WL 2620904, at *5.

in the subject lawsuit and, according to the Giordano Declaration, the firm was "expressly authorized to defend and represent the legal interests of all named Defendants (Robert Young, Turbo Express LT, Inc., and National Continental Insurance Company) and [to] make all necessary representations on their behalf."[83]   NCIC could grant Hebbler & Giordano, LLC, express authority to defend and represent Young because the NCIC policy in effect at the time of the accident stated that the insurer possesses "the right and duty to defend any 'insured' against a 'suit' asking for … damages."[84]  The fact that the Removing Defendants have not talked to Young is not dispositive where, as here, the insurance policy in effect at the time of the accident granted the insurance company the right and duty to defend the claims in this lawsuit and the insurance company retained Hebbler & Giordano to represent all defendants in the case, including Young, before removal. Plaintiff's attempts to distinguish this case from *Haynes* are unavailing.  Further, the fact that the non-removing defendants in *Haynes* were subsidiaries of the removing defendants is also not sufficient to distinguish the case where similar evidence has been produced that demonstrates the source of defense counsel's authority to bind the non-removing defendant to the removal.

As in *Haynes*, the removal papers and record, as a whole, show that defense counsel was purporting to act on behalf of Young *and* had actual authority to do so when he represented, subject to Rule 11, that "Young … consents to the filing of the Notice of Removal."[85]  This representation, which was further supported by the unchallenged statements in Giordano's Declaration, establishes that defense counsel "were expressly authorized to defend and represent the legal interests of all named Defendants," including Young.[86]  Removing Defendants have shown they

---

[83] R. Doc. 19, p. 3 & R. Doc. 14-3, p. 3.
[84] R. Doc. 19, p. 3 & R. Doc. 19-1, p. 3.
[85] R. Doc. 1-4, p. 2.
[86] R. Doc. 14-3, p. 3.

possessed this authority at the time of removal.[87]  For these reasons, the statement in the Consent, filed with the Notice of Removal, that "Defendant, Robert Young … consents to the filing of the Notice of Removal" satisfies the written consent requirements of 28 U.S.C. § 1446.  Because the Notice of Removal satisfies the rule of unanimity, there is no procedural defect.[88]

### III.    CONCLUSION AND RECOMMENDATION

The Court has subject matter jurisdiction over this case based on diversity jurisdiction under 28 U.S.C. § 1332, and removal was procedurally proper under 28 U.S.C. § 1446. Accordingly,

**IT IS RECOMMENDED** that the Motion to Remand,[89] filed by Plaintiff Denise James, be **DENIED**, and this matter referred for entry of a scheduling order.

Signed in Baton Rouge, Louisiana, on August 26, 2024.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[87] *See, e.g.,* R. Doc. 14-1 & R. Doc. 14-3, p. 2.
[88] The other argument advanced by Removing Defendants--that "exceptional circumstances" should apply--is not addressed.
[89] R. Doc. 9.